IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Lee Wallace, ) | C/A No.: 8:10-1031-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Robert Lee Wallace, brought this action pursuant to 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income (SSI) under the Social Security Act.

The claimant was forty-five years old on the date the application was filed on August 29, 2007. He attended school through the eleventh grade and later obtained his GED. His past work experience was as a roofer. Plaintiff alleges disability since June 23, 2006 due to shoulder problems and degenerative disc disease of the spine, disc herniation, and depression. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on July 30, 2009. Plaintiff was represented by counsel at the hearing. The ALJ thereafter denied plaintiff's claims in a decision issued November 6, 2009. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff filed a *pro se* appeal to the federal district court.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the

1

Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976).

Under the Social Security Act, the plaintiff's eligibility for the benefits he is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.\* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that he could not perform his customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that

the individual can perform, *id*. at § 404.1561.  If the assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors.  *Id*. at § 404.1561.  The interrelation between these vocational factors is governed by Appendix 2 of Subpart P.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined:  (1) whether the claimant is currently gainfully employed, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents him from returning to his previous work, and (5) whether the impairment prevents him from performing some other available work.

The ALJ made the following findings in this case:

> 1. The claimant has not engaged in substantial gainful activity since August 23, 2007, the application date (20 CFR 416.971 *et seq*.
> 2. The claimant has the following severe impairments: right shoulder impingement syndrome, degenerative disc disease of the cervical and lumbar spine, disc herniation at L4-5 and depression (20 CFR 416.920(c)).
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). Specifically, I find that the claimant can lift up to 20 pounds occasionally and 10 pounds frequent, except claimant can only sit up to 4 hours total in an 8 hour work day and stand/walk up to 4 hours total.  He can frequently climb ramps and stairs, balance, stoop, kneel, crouch, crawl, and bend, but can only occasionally climb ladders, ropes, or scaffolds.  The claimant should avoid exposure to unprotected heights and machinery with moving parts.  He can only occasionally reach overhead with his right dominant extremity, but has frequent use of the right dominant hand for gross and/or fine manipulations.  Claimant can follow short, simple instructions and perform simple, routine tasks with only occasional contact or interactions with the public, as well as co-workers or supervisors.
> 5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

      6. The claimant was born on December 14, 1961 and was 45 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
      7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
      8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
      9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
      10. The claimant has not been under a disability, as defined in the Social Security Act, since August 23, 2007, the date the application was filed (20 CFR 416.920(g)).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. The parties each filed briefs regarding their positions. Plaintiff then filed a Reply Brief on February 28, 2011 (Docket Entry # 24), in which he asserted that certain reports by physicians and a social worker should be added to the record. These reports are: Exhibit 15F "Mental Assessment" by Lisa Smith, VA social worker, dated December 17, 2010; Exhibit 16F "Mental Assessment" by Dr. Eugene Pilek, psychiatrist dated February 14, 2011; and Exhibit 17F "Questionnaire Concerning Robert Wallace" by Dr. Mohammad Khan dated December 17, 2011. On August 15, 2011, Magistrate Jacquelyn D. Austin filed a report and recommendation ("R&R") suggesting that the Commissioner's decision should be reversed and remanded under Sentence Six of 42 U.S.C. § 405(g) for consideration of the new evidence. The defendant timely filed objections to the R&R on August 25, 2011. Plaintiff filed a Reply on September 6, 2011 in which he submitted additional new evidence, a "Medical Assessment of Ability to Sustain Work-Related Activities (Mental)" by Dr. Pilek dated March 2, 2011 (Exhibit 18F). He also submits as new evidence the medical information provided by Dr. Khan on March 29, 2011 for a handicapped placard based on degenerative disc disease. (Exhibit 19F).

**Scope of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

In his objections to the R&R, the Commissioner asserts that the magistrate judge erred in recommending that the case be remanded pursuant to Sentence Six. He argues that the new evidence submitted by the plaintiff for the first time in the district court is not material because it is "not probative of Plaintiff's condition during the relevant time period" and that the court should reject the Magistrate's report and affirm the ALJ's determination that the plaintiff was not disabled. (Docket Entry # 32, p. 2). The plaintiff asserts in his response that the new medical evidence should be considered "to support and validate the Psychological Evaluation of the plaintiff by Dr.

Spurgeon Cole, exhibit 9F." (Reply to Objections, Docket Entry # 35, p. 1).

Pursuant to 42 U.S.C. § 405(g), the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is **material** and that there is **good cause** for the failure to incorporate such evidence into the record in a prior proceeding."(emphasis added). Under *Borders v. Heckler*, 777 F.2d 954, 955(4th Cir. 1985), additional evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative;" "material to the extent that the Secretary's decision 'might reasonably have been different' had the new evidence been before her;" "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary"; and "the claimant must present to the remanding court 'at least a general showing of the nature' of the new evidence." *Id*. There is some question in this circuit whether the four factor test applied in *Borders* has been superseded by the revised version of Section 405(g) cited above. In *Wilkins v. Sec'y of Dep't of Health & Human Services*, 925 F.2d 769, 774 (4th Cir. 1991), *vacated en banc on other grounds*, 953 F.2d 93, the court suggested in a parenthetical that *Borders* had been superseded by statute. However, *Borders* has not been overruled, and the Supreme Court cited the case in *Sullivan v. Finkelstein*, 496 U.S. 617 (1990) and did not suggest that the *Borders* factors are not properly considered.

Plaintiff bears the burden of proving that the requirements of a sentence six remand are satisfied. *Fagg v. Chater*, 106 F.3d 390 at * 2 (4th Cir. 1997).

In the case at bar, the Commissioner does not challenge the finding by the Magistrate that the plaintiff has shown "good cause" for waiting until the appeal to the district court to submit the new evidence. The Court has reviewed this finding for clear error and finds none, as the plaintiff

6

states in his Complaint filed with this Court that the plaintiff learned about the availability of the VA medical services in "early 2010", after the ALJ hearing. (Docket Entry #1, p.3). He did not simply withhold evidence that he already had until he received an unfavorable ruling.

The defendant contends in his objections that the new evidence that the claimant seeks to introduce is not material because it does not relate to the relevant time period.[1] In this case, Plaintiff's alleged onset date was June 23, 2006. The application was filed on August 23, 2007. The decision by the ALJ was issued on November 6, 2009. The Notice of Appeals Council Action was dated March 5, 2010. The social worker's assessment is dated December 17, 2010 and states that she first saw the claimant on March 22, 2010 and diagnosed the claimant with depression and that the patient has "most likely suffered from this condition" for "2+ years". The Mental Assessment by Dr. Pilek indicated that he first saw the patient on September 14, 2010 and that he had suffered from Adjustment reaction with depressed/anxious mood intermittent explosive disorder; personality disorder NOS "probably few years."In proposed Exhibit 18F, "Medical Assessment of Ability to Sustain Work-Related Activities (Mental)", Dr. Pilek answered a question regarding the onset of the described limitations as follows: "first seen by myself 9/10, first on antidepressants approx. '06/'07." The time frame to which the additional evidence by Ms. Smith and Dr. Pilek relates is

---

[1] The Commissioner does not argue in his objections that the new evidence is not material in that there is no reasonable possibility that the new evidence would have changed the outcome. He only takes issue with the Magistrate's finding that the new evidence related to the appropriate time frame. The Commissioner appears to concede that the new reports showed limitations by the plaintiff. ("There is, however, no indication Dr. Pilek and Ms. Smith believed the limitations they identified predated the ALJ's decision." (Objections, p. 4). The Magistrate found that the new evidence appears to contradict the ALJ finding that Dr. Cole's assessment was inconsistent with the longitudinal evidence, citing *Meadows v. Sullivan*, 930 F.2d 913, 1991 WL 58447, at *3 (4th Cir. 1991)(ALJ decision might have been different if the new evidence had been before him because it provided additional evidence of the claimant's pain). The Court, after reviewing the matter, finds no clear error in the Magistrate's finding.

7

somewhat ambiguous but would appear to relate to the plaintiff's condition when he filed his application for benefits in 2007. Therefore, additional evidence from Ms. Smith and Dr. Pilek will be allowed. The new evidence by Dr. Khan (Exhibits 17F and 19F) does not refer at all to the relevant time frame, so it shall not be allowed. Therefore, the case is remanded under Sentence Six for consideration of new evidence submitted by the plaintiff, as described above.[2]

## Conclusion

For the foregoing reasons, the court respectfully adopts the report and recommendation of the Magistrate Judge as modified. The case is remanded under Sentence Six of 42 U.S.C. § 406(g) for consideration of new evidence from Dr. Pilek and Ms. Smith.

The Clerk of Court shall administratively close the case, but the Court retains jurisdiction as to any further review of the Commissioner's decision after consideration of the new evidence. If the Commissioner continues to deny benefits, the plaintiff may request that the case be reopened for review of the decision.

**IT IS SO ORDERED**.

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

September 23, 2011
Florence, South Carolina

---

[2] In recommending a remand, the Magistrate found that the plaintiff was prejudiced by his lack of counsel in the District Court, although he had counsel in the administrative proceedings. However, the cited case law concerns the duty of the ALJ to help *pro se* claimants develop the record where they are unrepresented at the administrative level, not in the District Court. *See Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980); *Walker v. Bowen*, 642 F.2d 712, 714 (4th Cir. 1981).